UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

       Plaintiff,                     Case No. 07-20309
                                        Appeal No: 09-1435
v.                                              Hon. Victoria A. Roberts

DAVID ANDREW CARTER,

       Defendant.

_____

## ORDER

**I.   INTRODUCTION**

This matter is before the Court on Defendant's Motion for Bond Pending Appeal (Doc. 258), filed May 1, 2009.  The Government filed a Response opposing the Motion. The Court GRANTS the Motion in part and adjourns Defendant's report date to June 8, 2009.

**II.   BACKGROUND**

Following a jury trial, Defendant was convicted of Possession with Intent to Distribute Marijuana, Aiding and Abetting, in violation of 21 U.S.C. §841(a)(1) and Using/Carrying a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. §924(c).  Both convictions carry mandatory minimum sentences.

On March 23, 2009, this Court sentenced Defendant to 120 months imprisonment on the possession count and a consecutive 60 months on the weapons count.  The Court granted Defendant's request to self-report to the United States

Bureau of Prisons ("BOP"), with no objection by the Government. Defendant is scheduled to report to the BOP on May 5, 2009.

On April 1, 2009, Defendant timely filed a Notice of Appeal. On May 1, 2009, Defendant filed this Motion. He asks the Court to grant him bond pending appeal, or in the alternative, to enter an order delaying his report date so that appellate counsel may receive and review the trial transcripts to more fully develop this Motion. The Government opposes the Motion.

### III.   CASE LAW AND ANALYSIS

The Bail Reform Act of 1984 ("Act") establishes criteria necessary to allow a defendant to be released on bond pending an appeal:

.    .    .

> (b) Release or detention pending appeal by the defendant.
> (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title [18 USCS § 3142(b) or (c)]; and
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
> (I) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title [18 USCS § 3142(b) or (c)], except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

18 U.S.C. § 3143(b). The Act creates a presumption that a defendant who has been

convicted of a crime may not be released pending his appeal or sentencing unless he shows by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community. *United States v. Vance*, 851 F.2d 166, 169 (6th Cir. 1988). In overcoming the presumption in favor of detention in § 3143, the burden of proof rests with the defendant. *Id.*

Defendant says he is not a flight risk and does not pose a danger to the community. He notes that he: (1) is 42 years old with no criminal record, (2) is married and resides with his wife and stepson, (3) is a small business owner, (4) has parents and siblings who live in this area, and (5) was convicted of a nonviolent offense. These factors are in Defendant's favor.

Appellate counsel says that he cannot ascertain the relevant issues on appeal because he was not trial counsel, and the trial transcripts and other court documents have not yet been produced. Even so, he argues that an appeal may be successful based on a claim that: (1) the verdict was against the great weight of the evidence, (2) the firearm charge was improper, and (3) trial counsel was ineffective for his failure to move for judgment of acquittal pursuant to Fed. R. Civ. P. 29.

The Government says Defendant's Motion is an attempt to delay the service of his sentence, now eight months after his convictions. The Government says Defendant testified at trial, and it did not request, nor did the Court impose a two-level enhancement for perjury under § 3C1.1. The Government also argues that none of Defendant's proffered bases for appeal present a substantial question of law or fact likely to result in a reversal or remand for re-sentencing.

The Court will allow appellate counsel the opportunity to review the trial

transcripts and more fully develop this Motion. Defendant shall address whether his bases for appeal present: (1) a substantial question of law or fact likely to result in a reversal, (2) an order for new trial, (3) sentencing that does not include a term of imprisonment or (4) reduced sentencing that includes a term of imprisonment less than the expected duration of the appeals process.

## IV.  CONCLUSION

Defendant's report date is adjourned to June 8, 2009, so that appellate counsel can review the trial transcripts and fully brief the Court on the issues that would justify granting Defendant a bond pending the appeal of his convictions and sentences.

The parties may file supplemental briefs addressing the factors outlined in § 3143(b). The briefing schedule is:

- Defendant's supplemental brief is due on May 26, 2009.
- Plaintiff's response to Defendant's supplemental brief is due on June 2, 2009.

The Court will issue its final Order on or before June 8, 2009.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: May 4, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on May 4, 2009.

s/Carol A. Pinegar
Deputy Clerk